# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Omer Atman,

    Petitioner,

v.

Eric Rokosky, *et al.*,

    Respondents.

No. CV-26-02954-PHX-JJT (CDB)

**ORDER**

Petitioner challenged his present immigration detention, arguing he was previously released from immigration detention on an order of release on recognizance, was redetained, and is now subjected to mandatory detention. (Doc. 1.)  The Court directed Respondents to show cause why the Petition should not be granted.  (Doc. 3.) Respondents' response stated:

> Respondents do not oppose Petitioner's request to be released on bond. However, Respondents respectfully request that the Court order a new bond hearing rather than giving effect to the alternative bond listed in the immigration judge's challenged order.

(Doc. 4.)   The Court acknowledges this concession as non-opposition to granting Petitioner's habeas corpus petition.  But Petitioner attached the April 16, 2026 order from the immigration judge who determined "[a]lternatively, if Court had jurisdiction would find Respondent is not a danger and would set bond at $10000."   (Doc. 5-2 at 1.)

Respondents will be required to release Petitioner under this alternative bond determination.[1]

**IT IS THEREFORE ORDERED** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted** to the extent it seeks release under the alternative bond determination. The Petition is otherwise **denied**.

**IT IS FURTHER ORDERED** Respondents must release Petitioner under the April 16, 2026 alternative bond determination.

**IT IS FURTHER ORDERED** Respondents must provide a notice of compliance within three days of releasing Petitioner.

**IT IS FURTHER ORDERED** any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 29th day of July, 2026.

Honorable John J. Tuchi
United States District Judge

---

[1] The relief ordered in this case is consistent with decisions from numerous other courts. *See In re Rojas*, No. 2:25-CV-02548-RFB-BNW, 2026 WL 125152, at *2 (D. Nev. Jan. 16, 2026) ("Petitioner requested a custody redetermination (bond) hearing before the immigration court, and on December 16, 2025, Immigration Judge Lindsy Roberts denied Petitioner release on bond for lack of jurisdiction under *Hurtado*, holding in the alternative that if *Hurtado* did not deprive the immigration court of jurisdiction, release on bond in the amount of $2,500 plus alternatives to detention at the discretion of DHS would be appropriate. Respondents are ORDERED to release Petitioner from custody by 5:00 p.m. on January 16, 2026. Petitioner shall be subject to the bond and other conditions imposed by the IJ." (cleaned up)); *Diaz-Cruz v. Dedos*, No. 1:25-CV-01117-MLG-JMR, 2025 WL 3628517, at *2 (D.N.M. Dec. 12, 2025) ("Accordingly, the Court hereby orders that Respondents immediately release Diaz-Cruz upon payment of the $12,000 bond found in the alternative by IJ Odell."); *Ortiz Martinez v. Wamsley*, No. 2:25-CV-01822-TMC, 2025 WL 2899116, at *2 (W.D. Wash. Oct. 10, 2025) ("Concerning the remaining Petitioners, Respondents do not object that Lopez Lopez is a member of the Bond Denial Class. Although that same day an IJ had denied Lopez Lopez's bond based on an asserted lack of jurisdiction under section 1225(b)(2), the IJ found in the alternative that it would grant bond in the amount of $5,000 if it had jurisdiction. Respondents thus conceded that if the Court were to grant habeas relief to Lopez Lopez, the appropriate relief would be either a bond redetermination hearing under 8 U.S.C. § 1226(a) or release upon payment of the bond found in the alternative by the IJ." (cleaned up)); *Guzman Alfaro v. Wamsley*, No. 2:25-CV-01706-TMC, 2025 WL 2822113, at *8 (W.D. Wash. Oct. 2, 2025); (ordering respondents to—within seven days of the order—release the petitioner "from detention or allow [her] release upon payment of the bond amount found in the alternative by the Immigration Judge in his [previous] order").